# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  **v.**                                       **Case No. 08-CR-186**

**DAVID BATES**
        **Defendant.**

## SENTENCING MEMORANDUM

Defendant David Bates pleaded guilty to defrauding the Social Security Administration ("SSA"), see 42 U.S.C. § 408(a)(4), and I set the case for sentencing. In imposing sentence, I must first calculate the advisory guideline range, then determine the ultimate sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., Gall v. United States, 128 S. Ct. 586, 596-97 (2007); United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

## I. GUIDELINES

Defendant's crime carried a base offense level of 6 under U.S.S.G. § 2B1.1(a)(2). Based on the loss amount, he qualified for an 8 level enhancement under U.S.S.G. § 2B1.1(b)(1)(E), and based on his guilty plea he qualified for a 2 level reduction for acceptance of responsibility under § 3E1.1, for a final level of 12. Coupled with defendant's criminal history category of I, level 12 produces an imprisonment range of 10-16 months.

## II. SECTION 3553(a)

**A. Sentencing Factors**

Section 3553(a) directs the sentencing court to consider:

    (1)    the nature and circumstances of the offense, and the history and characteristics

of the defendant;

(2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The statute requires the court, after considering these factors, to impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in sub-section (a)(2). The court must give respectful consideration to the guidelines in making this determination, Gall, 128 S. Ct. at 594, but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007), or place any "thumb on the scale" favoring a guideline term, United States v. Sachsenmaier, 491 F.3d 680, 685 (7th Cir. 2007). Rather, the court must make an individualized assessment based on all of the § 3553(a) factors, Gall, 128 S. Ct. at 596-97, keeping in mind that the parsimony provision quoted above represents the "overarching" command of the statute, Kimbrough v. United States, 128 S. Ct. 558, 570 (2007).

2

**B. Analysis**

   **1. The Offense**

Defendant hurt his back and applied for social security disability benefits in 2001. The SSA granted his application. Thereafter, unbeknownst to the SSA and despite being cautioned that he must report any work, defendant started an internet-based business, which grossed a substantial amount. Had he reported his income from the business, he would not have been entitled to disability payments totaling nearly $100,000 between 2001 and 2007.

   **2. The Defendant**

Defendant was forty-three years old, with no prior criminal record or history of substance abuse or other harmful conduct. He compiled a solid work record as a machine operator and operating a construction business prior to his injury.

Based primarily on the stress brought about by this prosecution, defendant's marriage of twenty-three years, which produced two children, ages twenty-one and sixteen, ended in divorce shortly before sentencing. Defendant also continued to experience issues related to back pain, which the pre-sentence report ("PSR") discussed in some detail and which required ongoing treatment, including a recent surgical exploration of his previous spinal fusion. (PSR ¶¶ 46-50.) The PSR further discussed defendant's mental health issues, including depression and anxiety, for which he received treatment including medication. (PSR ¶¶ 51-54.)

   **3. The Sentence**

As noted above, the guidelines recommended 10-16 months, a Zone C range allowing a split sentence of ½ prison and ½ home or community confinement. See U.S.S.G. § 5C1.1(d)(2). Under all the circumstances, I found a sentence a bit below that range – a

3

sentence of probation with a condition of home of confinement – sufficient to satisfy the purposes of sentencing.

Given defendant's age, lack of record and otherwise pro-social behavior, I saw no need for prison to protect the public. See 18 U.S.C. § 3553(a)(2)(C). It appeared, based on his allocution, that this entire process had a significant effect on defendant, and that prison was therefore not needed to deter him from re-offending. See 18 U.S.C. § 3553(a)(2)(B). I also considered as evidence of defendant's remorse his full, up-front payment of restitution. A period of supervision in the community thus sufficed to satisfy these purposes of sentencing.

Although defendant's crime displayed disrespect for the law and represented an abuse of a program designed to help the needy and disabled, I found that probation with a lengthy period of home detention would suffice to provide just punishment and promote respect for the law. See 18 U.S.C. § 3553(a)(2)(A); see also Gall, 128 S. Ct. at 595-96 (noting that while custodial sentences are qualitatively more severe than probationary sentences, offenders on probation are nonetheless subject to substantial restrictions on their liberty, and that probation is not merely letting an offender off easily). In this regard, I also required defendant to perform community service in order to give something back and assist in restoring him to moral standing in the community. See United States v. Cole, No. 5:08-cr-00327, 2008 WL 5204441, at *4 (N.D. Ohio Dec. 11, 2008) ("[R]etribution imposes punishment based upon moral culpability and asks: What penalty is needed to restore the offender to moral standing within the community?").

Finally, I found that defendant's medical and psychological treatment needs were best addressed in the community. See 18 U.S.C. § 3553(a)(2)(D). In particular, defendant continued to require specialized care for his back problem.

4

### III. CONCLUSION

Under all of the circumstances, I found a sentence of 3 years probation with a condition of 6 months home confinement sufficient but not greater than necessary. This sentence varied from the guidelines by just 2 levels and was based on the particular facts of the case, so it created no unwarranted disparity. See 18 U.S.C. § 3553(a)(6). Other terms and conditions of the sentence appear in the judgment.

Dated at Milwaukee, Wisconsin, this 15th day of April, 2009.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge